# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL HEMINGWAY,

    Plaintiff,

  vs.

CDCR (Sacramento), et. al.,

    Defendants.

No. 2:17-cv-0534-JAM-CMK-P

ORDER

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.

Plaintiff has not filed a complete application to proceed in forma pauperis or paid the required filing fee. See 28 U.S.C. §§ 1914(a), 1915(a), (a)(2). Plaintiff will be provided the opportunity to submit either a completed application to proceed in forma pauperis or the appropriate filing fee. Plaintiff is warned that failure to resolve the fee status of this case within the time provided may result in the dismissal of this action for lack of prosecution and failure to comply with court rules and orders. See Local Rule 110.

In addition, to the extent plaintiff seeks the appointment of counsel (Doc. 3), the United States Supreme Court has ruled that district courts lack authority to require counsel to

1

represent indigent prisoners in § 1983 cases. See Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). A finding of "exceptional circumstances" requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims on his own in light of the complexity of the legal issues involved. See Terrell, 935 F.2d at 1017. Neither factor is dispositive and both must be viewed together before reaching a decision. See id.

In the present case, the court does not at this time find the required exceptional circumstances. Plaintiff's one sentence request provides insufficient reason. Plaintiff simply requests counsel due to his indigence and lack of legal knowledge. This is not an exceptional circumstance, and plaintiff has not shown he does not have the ability to articulate his claim. Neither does it appear there is a strong likelihood of success on the merits of his complaint. The complaint, which has not been screened by the court, appears to raise issues relating to his conviction and/or length of confinement which are not cognizable in a § 1983 case. See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973), Heck v. Humphrey, 512 U.S. 477, 483-84 (1994) . He alleges that pursuant to Proposition 57 passed by California voters in 2016, his continued incarceration is unconstitutional. To the extent he is challenging his continued incarceration, it does not appear he will likely be successful in this action.[1]

///

---

[1] The court will screen the complaint after plaintiff resolves his fee status. However, after a quick review of the complaint, it does not appear that plaintiff's complaint will survive screening. As stated above, to the extent plaintiff is challenging his continued incarceration, those claims are not cognizable in a § 1983 case. See Preiser, 411 U.S. at 500. In addition, it does not appear that such claims would be cognizable in a writ of habeas corpus, as such a challenge would appear to be based on a violation of state law, not federal. See Haney v. Muniz, 2017 WL 332644 (C.D. Cal. Aug. 2, 2017).

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff shall submit on the form provided by the Clerk of the Court, within 30 days from the date of this order, a complete application for leave to proceed in forma pauperis, or the appropriate filing fee;

2. The Clerk of the Court is directed to send plaintiff a new form Application to Proceed In Forma Pauperis By a Prisoner; and

3. Plaintiff's request for the appointment of counsel (Doc. 3) is denied.

DATED: December 28, 2017

**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE